UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA, <br><br>                Plaintiff, <br><br>        v. <br><br> T. PETERSON, et. al, <br><br>                Defendants. | Case No.: 1:12-cv-01085 - JLT <br><br> ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER <br><br> (Doc. 13). |

   Plaintiff Jaime L. Zepeda ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  On January 22, 2013, the Court issued an order dismissing Plaintiff's complaint with leave to amend. (Doc. 13).  Plaintiff was granted thirty (30) days from the date of service to file an amended complaint. Id.  On February 11, 2013, Plaintiff sought an additional thirty (30) days in which to file an amended complaint. (Doc. 14).  On March 20, 2013, the Court issued an order granting Plaintiff leave to file his amended complaint up to and including March 15, 2013.  To date, Plaintiff has failed to file an amended complaint or otherwise respond to the Court's order.

   The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.* Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within twenty-one (21) days of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order, or in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated:   **March 20, 2013**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE