UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. PETERSON, et al.<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01085 - JLT (PC)<br><br>ORDER DENYING MOTION FOR TELEPHONIC HEARING PURSUANT TO 42 USC § 1997F(1) OR (2)<br><br>(Doc. 21) |

　　　　Plaintiff Jaime L. Zepeda ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. The Magistrate Judge[1] dismissed Plaintiff's original complaint, (Doc. 1), on January 22, 2013, granting him leave to amend, but ordering that his amended complaint "**SHALL NOT** exceed 20 pages." (Doc. 13 at 19) (emphasis in original). Plaintiff filed a 45-page first amended complaint, (Doc. 16), which the Court struck for failure to comply with the Court's express order on April 29, 2013. (Doc. 19). Plaintiff was granted leave to amend. (Doc. 19).

---

[1] The District Court the possesses the express power to assign a matter to the Magistrate Judge to "determine any pretrial matter pending before the [Court]" and "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b). While Plaintiff may indeed have declined to proceed under the jurisdiction of the Magistrate Judge for adjudication of this matter, (Doc. 21 at 2), the present motion is a pre-trial, non-dispositive matter which was properly assigned to the Magistrate Judge for determination.

1

At present, Plaintiff requests a telephonic hearing for leave to file a complaint exceeding the 20-page limit, pursuant to 42 U.S.C. 1997f(1) or (2).[2] As the basis of his motion, Plaintiff contends Fed. R. Civ. P. 9 entitles him to provide a voluminous complaint before the Court. *See* (Doc. 21). Similarly, he contends that he is beyond the precepts of Fed. R. Civ. P. 8(a) because Rule 8 is not the basis of his complaint.

Contrary to Plaintiff's contention, Rule 8 and Rule 9 are procedural − not substantive - rules which must be read together and are mandatory on all litigants. Rule 8 *requires* Plaintiff to provide a "short and plain statement" that outlines the grounds for jurisdiction in that court as well as "showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." As explained by the Ninth Circuit, Fed. R. Civ. P. 9(a) requires a complaint to "set forth what is false or misleading about a statement, and why it is false." Rubke v. Capitol Bancorp Ltd, 551 F.3d 1156, 1161 (9th Cir. 2009). Quite simply, Plaintiff need only set forth the who, what, when, why and how of claims of fraud or otherwise. No opining or legal conclusions are necessary in a complaint.

Plaintiff's reliance on Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009), to support the proposition that he is entitled to set forth legal conclusions in his complaint is seriously misplaced. While the United States Supreme Court noted in Iqbal that "legal conclusions can provide the framework of a complaint" *if supported by factual allegations*, the Court also reaffirmed the continued applicability of Rule 8. 566 U.S. at 1950. Iqbal does not negate the fact that the Court previously advised Plaintiff at length that he need not set forth legal conclusions and citations at this stage in the pleadings. Yet, he continually shirks the mandates of Fed. R. Civ. P. 8(a).

Finally, while Plaintiff brings five claims against 20 different defendants, (Doc. 21 at 5), his claims are neither unique nor complex. The Court is presented with similar claims on a daily basis. Yet for some reason Plaintiff believes he is entitled to an *ex parte* hearing on the matter and goes so

---

[2] 42 U.S.C. § 1997(f)(1) or (2) pertains to the duty of the United States Attorney General to provide Congress with a detailed report concerning complaints received by the Department of Justice concerning prison conditions. Plaintiff does not provide – and the Court does not find - any legal authority to support his proposition that this provision applies to his demand that the Court conduct a hearing concerning his condition of confinement.

far as to claim that the Court's grounds for striking his first amended complaint (Doc. 19) were improper under the PLRA. In any event, Plaintiff's continual failure to obey a Court order warranted the striking of his pleading. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th Cir. 1992) (Dismissal of an inmate's 42 U.S.C. § 1983 claim was appropriate where inmate continuously failed to comply with the Court's order). Thus, the Court finds no grounds on which to grant Plaintiff request for a hearing and the Motion is **DENIED.**

**ORDER**

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff **SHALL FILE** a first amended complaint within **21 days** of the date of service of this Order;
2. The first amended complaint, including attached exhibits, **SHALL not exceed 20 pages**;
3. **No further extensions of time will be granted to comply with this Order**.

**Plaintiff is advised that his failure to comply with the Court's orders SHALL result in a recommendation dismissing this case.**

IT IS SO ORDERED.

Dated:   **June 2, 2013**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE