UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. PETERSON, et al.<br><br>　　　　Defendants. | Case No.: 1:12-cv-01085 – LJO - JLT (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S SECOND MOTION FOR A TELEPHONIC HEARING AS A REQUEST TO RECONSIDER THE ORDER DENYING PLAINTIFF'S MOTION FOR A TELEPHONIC HEARING<br><br>(Doc. 24)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO RECONSIDER THE ORDER DENYING PLAINTIFF'S MOTION FOR A TELEPHONIC HEARING<br><br>(Doc. 24) |

　　　　Plaintiff Jaime L. Zepeda ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 3, 2013, the Court denied Plaintiff's motion for a telephonic hearing on his request to submit a complaint in excess of 20 pages. (Doc. 22).  On June 13, 2013, Plaintiff again filed a motion for a telephonic hearing, (Doc. 24), which the Court construes as a "motion to reconsider the order denying Plaintiff's motion for a telephonic hearing" and **DENIES** for the following reasons.

　　　　The Court's Local Rule 230(j) governs the present matter.  Under Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to

exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

At present, the Court has read and compared Plaintiff's initial motion for a telephonic hearing, (Doc. 21), with his request to reconsider (Doc. 24). The two motions are identical. *Compare* (Doc. 21) and (Doc. 24). Thus, Plaintiff presents no new facts or circumstances for the Court to reconsider with regard to his request for a telephonic hearing. L.R. 230(j). Therefore, the Court **DENIES** Plaintiff's motion to reconsider the order denying Plaintiff's motion for a telephonic hearing. (Doc. 24).

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that:

1. Plaintiff's motion to reconsider the order denying Plaintiff's motion for a telephonic hearing is **DENIED**;
2. Plaintiff **SHALL FILE a first amended complaint <u>on or before July 5, 2013</u>**, in compliance with the Court's June 3, 2013 Order. Plaintiff is reminded that the first amended complaint, including attached exhibits, **<u>SHALL not exceed 20 pages</u>;** and
3. **<u>Plaintiff is advised that his failure to comply with the Court's orders SHALL result in an immediate recommendation of dismissal</u>.**

IT IS SO ORDERED.

Dated:   **June 20, 2013**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE